■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LACEY, Appellant.— GREENBLOTT, J. Appeal from an order of the County Court of Rensselaer County, entered October 24, 1967, which denied, without a hearing, a motion to vacate a judgment convicting defendant of manslaughter in the second degree. Following a reversal by this court of appellant's conviction of murder in the first degree, he was returned to Rensselaer County for a new trial. However, on February 10, 1967, he pleaded guilty to manslaughter in the second degree and was sentenced to a term of 7½ to 15 years. On September 22, 1967, appellant filed a *coram nobis* petition, seeking to vacate the judgment of conviction. He contends that his guilty plea was induced by fraud and coercion on the part of an unidentified Assistant District Attorney, who informed appellant that "if he ever expected to see daylight again, defend-

ant should accept some sort of a plea to manslaughter" and promised appellant that he "would not receive no more than 10 years, if he would accept a plea, and that another trial would only bring upon the defendant another life sentence like before". The Court of Appeals has laid down the rule that "where the defendant alleges facts which, if established, justify relief by way of *coram nobis*, then he 'is entitled to a trial thereof in open court unless his claims are "conclusively refuted by unquestionable documentary proof"'" (*People* v. *Picciotti*, 4 N Y 2d 340, 344–345). While it is true that appellant's allegations, if established, would entitle him to a hearing, an examination of the transcript conclusively refutes the charges. The minutes of the plea proceedings on February 10, 1967 reveal this colloquy: "THE COURT: Have you discussed your case with Mr. Harvey and Mr. Schwartz? THE DEFENDANT: Yes. THE COURT: Do you realize that your plea of guilty to the crime to which you have just pleaded guilty, namely Manslaughter in the Second Degree, is the same as if you were convicted after trial by a jury of that crime? THE DEFENDANT: Yes. THE COURT: Do you enter this plea of your own free will and volition, do you do it voluntarily? THE DEFENDANT: Yes. THE COURT: Have any threats or promises been made to induce you to plead guilty to this crime? THE DEFENDANT: No." The transcript has been established as conclusive documentary evidence. (*People* v. *Lofland*, 21 N Y 2d 746; *People* v. *Vellucci*, 13 N Y 2d 665, cert. den. 375 U. S. 868 [1963].) Although appellant seeks to rely on *People* v. *Wright* (32 A D 2d 847) where we granted a hearing to a petitioner seeking *coram nobis* relief on the grounds that his guilty plea was induced by a promise of a reduced charge by the District Attorney, the case is inapposite. The minutes in *Wright* (*supra*) did not contain a denial by the defendant that a promise had been made to him. Appellant further contends that the trial court failed to interrogate him as to his version of the facts and reasons for his decision to plead guilty, and that on the facts of this case, he could not have been found guilty of the reduced charge. In *People* v. *Nixon* (21 N Y 2d 338), the Court of Appeals adopted a flexible standard for trial courts to follow in taking a guilty plea. The court said (p. 353): "There are cases where the seriousness of the crime, the competency and experience of counsel, the actual intensive participation by counsel, the nature of the crime as clearly understood by laymen, the rationality of the 'plea bargain,' and the speed or slowness of procedure in the particular criminal court provide ample data as to how far the court should go in questioning defendants before taking a guilty plea. These are all matters best left to the discretion of the court." In the instant case appellant was represented throughout by competent counsel; he asserted that his plea was voluntarily entered; there is nothing in the record to show that he was improperly advised; there is no inconsistency in the original plea of not guilty to murder first degree and a plea of guilty to manslaughter. It seems clear that appellant's decision to plead guilty to a lesser offense may well have been prompted by his wish to avoid risking a conviction for a more serious offense. Order affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.